UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH E. BERRY,

                Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS and JOHN DOE,

                Defendants.

No. C10-5622 BHS/KLS

**REPORT AND RECOMMENDATION**
Noted For:  January 21, 2011

      This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is pending.  On August 30, 2010, Plaintiff filed his proposed civil rights complaint.  ECF No. 1.  Upon review, the court found the complaint to be deficient and directed Plaintiff to show cause why the complaint should not be dismissed or to amend his complaint to state a cause of action under 42 U.S.C. § 1983.  ECF No. 4.  Plaintiff was given a deadline to amend or show cause by October 1, 2010. *Id.*  On the same day, Plaintiff filed a notice of change of address.  ECF No. 5.  The clerk was unable to update Plaintiff's address as he did not provide the court with the full address.  On September 24, 2010, Plaintiff filed a second notice of change of address.  ECF No. 6.  In light of his change of address, the court allowed Plaintiff additional time to show cause or to file an amended complaint curing the deficiencies.  ECF No. 7.  That order, mailed to Plaintiff on October 6, 2010, was returned as undeliverable, marked "Return to Sender, Out of Custody." ECF No. 8.  Plaintiff has not advised the court of his new address.

REPORT AND RECOMMENDATION - 1

The undersigned recommends that the action be dismissed without prejudice prior to service and Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) be denied because Plaintiff has failed to prosecute this action and because Plaintiff's claims are not cognizable under 42 U.S.C. § 1983.

## FACTUAL BACKGROUND

In his original complaint, Plaintiff claims that he was arrested on a two year old Department of Corrections' warrant after serving 23 months in the Pierce County Jail.  ECF No. 1-1, p. 2.  Plaintiff alleges that his arrest was in retaliation for a lawsuit and anti-harassment complaint he filed against Russell Alfaro of the Department of Corrections, who was attempting to force him to take mental health treatments not required by Plaintiff's Judgment and Sentence. *Id.*  Plaintiff seeks $100,000.00 in monetary damages.

## DISCUSSION

**A.     Failure to Prosecute**

Local Rule 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address.  If mail directed to a pro-se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

This action has existed more than sixty days without a current address for the Plaintiff. Accordingly, the undersigned recommends that this matter be **dismissed without prejudice** for failure to prosecute pursuant to Local Rule 41(b)(2).

**B.     Failure to State a Claim**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or

REPORT AND RECOMMENDATION - 2

employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

REPORT AND RECOMMENDATION - 3

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In this case, Mr. Berry seeks to recover damages for his alleged unconstitutional arrest and imprisonment in the Department of Corrections on April 16, 2010. Thus, his sole remedy is habeas corpus. In addition, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every

REPORT AND RECOMMENDATION - 4

issue they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). State remedies must be exhausted except in unusual circumstances. *Granberry*, *supra*, at 134. If state remedies have not been exhausted, the district court must dismiss the petition. *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

## CONCLUSION

Although he was given leave to amend, Plaintiff has failed to prosecute this action and has failed to state a cognizable claim under 42 U.S.C. § 1983. Therefore, this action should be **DISMISSED WITHOUT PREJUDICE**. Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) should be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 21, 2011**, as noted in the caption.

DATED this  5th  day of January, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5